Zheng v. Lynch

BIA
A0798 089 745

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

JIN LI ZHENG, AKA JINLI ZHENG,
AKA JIN-LI ZHENG,
*Petitioner,*

v.                                        14-4680
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:       Gary Yerman, New York, N.Y.

FOR RESPONDENT:       Benjamin C. Mizer, Principal Deputy
                      Assistant Attorney General, John S.
                      Hogan, Assistant Director, Andrea N.
                      Gevas, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Li Zheng, a native and citizen of China, seeks review of a November 28, 2014, decision of the BIA denying his motion to reopen. *In re Jin Li Zheng,* No. A079 089 745 (B.I.A. Nov. 28, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

2

§ 1003.2(c)(2).  This time limitation may be excused, however, if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Zheng's 2014 motion was untimely, and the BIA was within its discretion to find no material change in conditions for Chinese Christians that would excuse the untimeliness.  The BIA acknowledged reports that China detains underground church leaders and harasses underground church members.  But the question on a motion to reopen is not whether conditions are poor, but rather whether they have changed.  8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  The BIA reasonably concluded that they have not.  The evidence reflected that the Chinese government's mistreatment of Christians "has been a longstanding concern, including [at] the time of [Zheng's] 2001 proceedings."  The BIA cited a 2012 State Department report

3

that China has been designated a "country of particular concern" with respect to religious freedom since 1999, and a 2013 U.S. Commission on International Religious Freedom report recommending that China remain so designated because of its "systemic, ongoing, and egregious violations of religious freedom."

Zheng asserts that the BIA "ignored relevant sections of the country reports" and "abused its discretion by cherry-picking the record evidence." "We presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, as set out above, the record does not suggest otherwise. Zheng points to excerpts that reflect poor treatment of Christians. But, with one exception, the reports do not speak to worsening conditions since Zheng's 2001 removal proceeding, but rather continued mistreatment. The one exception was a report about a "marked deterioration during 2011 in the government's respect for and protection of religious freedom," but it specifically referred to Tibetan Buddhists, not Christians.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk